IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BANG DOAN, BINH THI NGUYEN, and KHOI NGUYEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-0261 |
| PORTABLE PRODUCT SERVICES, LP, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Bang Doan, Bingh Thi Nguyen, and Khoi Nguyen bring this action against Portable Product Services, LP ("PPS"), alleging that PPS wrongfully deducted wages from the plaintiffs' income in violation of the Texas Labor Code ("TLC"), breached the parties' oral agreement by undercompensating the plaintiffs, and failed to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Pending before the court is Defendant's Second Motion to Dismiss in Part and Brief in Support (Docket Entry No. 10), which seeks dismissal of the plaintiffs' breach-of-contract and Texas Labor Code claims. For the reasons explained below, PPS's second motion to dismiss will be granted in part and denied in part.

**I.   Factual and Procedural Background**

The plaintiffs, Bang Doan, Bingh Thi Nguyen, and Khoi Nguyen, allege that at all times relevant to this action they worked as electronics-repair technicians for PPS, an electronics-services

company that does business in Houston.[1] The plaintiffs allege that they worked at PPS's facility for over forty hours a week repairing electronic devices, using PPS-provided time cards to check in and out of the facility and working with PPS-provided tools.[2] PPS allegedly promised the plaintiffs that their income would be based on the number of devices they repaired, and that the amount per device would vary depending on the type and number of repair services performed.[3]

The plaintiffs initiated this action in Texas state court and PPS removed the action on the basis of federal-question jurisdiction (Docket Entry No. 1). In the plaintiffs' amended complaint they allege that (1) PPS breached the oral agreement by failing to adequately pay the plaintiffs for multiple repairs that were performed on the same device;[4] (2) PPS failed to pay overtime compensation as required pursuant to the FLSA even though they routinely worked over forty hours a week and failed to report the overtime hours on the plaintiffs' pay stubs;[5] and (3) PPS wrongfully deducted wages to which the plaintiffs were entitled in

---

[1] Plaintiff's First Amended Original Complaint ("Plaintiffs' Amended Complaint"), Docket Entry No. 8, ¶¶ 7-10.

[2] Id. ¶¶ 8-12.

[3] Id. ¶ 19.

[4] See id.

[5] Id. ¶¶ 13-15.

violation of Section 61.018 of the TLC.[6] The plaintiffs seek (1) "compensation for all hours worked"; (2) "[o]vertime compensation for all unpaid hours worked in excess of 40 at the rate of one and one half times his regular rate"; (3) "[a]n equal amount as liquidated damages as allowed under the FLSA and [TLC]"; (4) attorney's fees, costs, expenses, and interest; and (5) other "just and equitable relief to which the [plaintiffs] may be entitled."[7] PPS moves to dismiss the plaintiffs' breach-of-contract and TLC claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[8]

## II.  Analysis

### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To defeat a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

---

[6]Id. ¶¶ 13-19.

[7]Id. ¶ 29.

[8]Defendant's Second Motion to Dismiss in Part and Brief in Support ("Defendant's Motion"), Docket Entry No. 10, p. 1.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense appears on the face of the pleadings. Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994); In re Dynegy, Inc. Sec. Litig., 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004). A Rule 12(b)(6) motion requires the court to "accept the plaintiff's well-pleaded facts as true and [to] view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007) (citing Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004)).

## B. The Plaintiffs' Texas Labor Code Claim

PPS argues that the plaintiffs fail to state a claim for relief under Section 61.018 of the TLC because Chapter 61 of the TLC does not afford plaintiffs a private right of action.[9] Chapter 61 of the TLC, part of the Texas Payday Law, governs an employer's obligation to pay wages to employees. See Tex. Lab. Code Ann. §§ 61.011-.020 (West 2006); Igal v. Brightstar Info. Tech. Grp., 250 S.W.3d 78, 81-82 (Tex. 2008). Specifically, section 61.018 provides that an employer may not withhold or divert any part of an employee's wages unless a specifically enumerated

---

[9]Defendant's Motion, Docket Entry No. 10, p. 1.

exception applies. Tex. Lab. Code Ann. § 61.018. Chapter 61 subjects employers to criminal penalties under certain circumstances and allows the attorney general of Texas to seek injunctive relief against employers who repeatedly fail to pay wages. See id. §§ 61.019-.020.

Chapter 61 also allows employees who have been denied wages to file wage claims with the Texas Workforce Commission ("TWC"). See id. §§ 61.050, 61.001(1); see Igal, 250 S.W.3d at 82. This statutory remedy, however, "is not an employee's sole and exclusive remedy for a claim based on past wages but is rather an alternative remedy that is cumulative of the common law." Igal, 250 S.W.3d at 88 (citing Holmans v. Transource Polymers, Inc., 914 S.W.2d 189, 192 (Tex. App.—Fort Worth 1995, writ denied)). Actions filed with the TWC "do not abrogate common law claims against employers for an alleged failure to pay compensation." Id. Because the TWC's procedures are designed to resolve claims expeditiously and inexpensively, id. at 82, the TWC option "provides a streamlined process for obtaining relief to workers with smaller claims that might be too cumbersome to pursue in court[,]" Abatement Inc. v. Williams, 324 S.W.3d 858, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied.)(citing Igal, 350 S.W.3d at 82, 87). An employee who has been denied wages thus has the option of either filing a wage claim with the TWC or filing a common law breach-of-contract claim in court. See Igal, 350 S.W.3d at 82; Abatement, 324 S.W.3d at

863; Holmans v. Transource Polymers, Inc., 914 S.W.2d 189, 193-94 (Tex. App.—Fort Worth, 1995).

Here, the plaintiffs allege claims for both breach of contract and for violations of Chapter 61 of the TLC. In Texas "[w]hen a private cause of action is alleged to derive from a constitutional or statutory provision, [the court's] duty is to ascertain the drafters' intent." Brown v. De la Cruz, 152 S.W.3d 560, 563 (Tex. 2004). Since Chapter 61 of the Texas Payday Act does not expressly provide a private right of action, the plaintiffs can only sustain their claim under Section 61.018 if a private right of action is implied by the provisions set out in Chapter 61. Under the "strict construction" rule applied by Texas courts "causes of action may be implied only when a legislative intent to do so appears in the statute as written." Id. at 567. Chapter 61 creates a detailed administrative enforcement scheme through the TWC and allows the possibility for enforcement by the attorney general. Abatement, 324 S.W.3d at 864; Tex. Lab. Code Ann. §§ 61.020, 61.051-.067. There is nothing within Chapter 61 that suggests an intent to also allow a plaintiff to invoke its provisions through a private right of action, especially given the existence of the available administrative remedy.

Moreover, Chapter 62 of the Texas Payday Law expressly allows for a private cause of action for an employer's failure to pay minimum wage. See Tex. Lab. Code Ann. §§ 62.203-.205; see also Abatement, 324 S.W.3d at 865 ("The legislature's express inclusion

of a private right of action in chapter 62 and omission of that language in chapter 61 strongly suggests that the legislature did not intend a private right of action under chapter 61.") (citing Brown, 156 S.W.3d at 568).

Employees who have been denied wages can file a wage claim with the TWC or pursue common law claims in court, but the language in Chapter 61 does not suggest an intent to allow employees to bring a private right of action for violations of chapter 61's provisions. See Igal, 350 S.W.3d at 82. Accordingly, PPS's motion will be granted with respect to the plaintiffs' claim seeking redress for an alleged violation of Section 61.018 of the TLC, and the claim will be dismissed.

## C. The Plaintiffs' Breach-of-Contract Claim

PPS argues that because the plaintiffs request damages arising only under the FLSA with respect to their breach-of-contract claim, the claim is preempted by the FLSA and thus fails to state a claim upon which relief may be granted.[10] The plaintiffs respond that their claim for breach of contract seeks damages not for PPS's failure to pay overtime compensation, but for its failure to pay the amount per repair that it orally promised to pay.[11]

---

[10] Id. at 8.

[11] Plaintiff's Response to Defendant's Second Motion to Dismiss in Part and Brief in Support ("Plaintiff's Response"), Docket Entry No. 11, pp. 3-4.

The FLSA permits employees to bring causes of action against their employer for unpaid minimum wages and unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and court costs. 29 U.S.C. §§ 206(a), 207(a), 216(b); see Casey v. Rainbow Grp., Ltd., 109 F.3d 765, at *5 (5th Cir. Feb. 19, 1997) (unreported) ("The liability provisions of the [FLSA] . . . are confined to providing reparation for 'unpaid overtime compensation' and 'unpaid minimum wages.'"). The relevant portion of the plaintiffs' amended complaint alleges the following:

> 19.  PPS's actions are tantamount to a breached contract. More specifically, Defendant orally told Plaintiffs that each job duty had a pay scale for each service performed. Thus, the more devices serviced, the more each technician would make. Each technician would be paid [] per job completed. For example, a troubleshoot technician would be paid $2.00 for every device that required troubleshooting. A testing technician would get $1.80 to $2.00 for every device tested. However, Defendant would often time require[] the Plaintiffs to do both tasks and only pay $1.80 instead of $3.80 to $4.00.[12]

Whether a federal statute preempts state law is a question of law reserved for the court. Franks Inv. Co. LLC v. Union Pacific R.R. Co., 593 F.3d 404, 407 (5th Cir. 2010) (en banc). In determining the nature and reach of preemption, Congress's purpose is the "ultimate touchstone." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 116 S. Ct. 2240, 2250 (1996)). Congress may preempt state law either expressly through a statute's plain language or

---

[12]Plaintiffs' Amended Complaint, Docket Entry No. 8, ¶ 19.

impliedly through a statute's "structure and purpose." Id. (quoting Altria Grp., Inc. v. Good, 555 U.S. 70, 129 S. Ct. 538, 543 (2008)). Implied preemption may occur when Congress either directly conflicts with state law (conflict preemption) or occupies a field so pervasively as to naturally exclude state law (field preemption). Empacadora de Carnes de Fresnillo, S.A. de C.V. v. Curry, 476 F.3d 326, 333 (5th Cir. 2007). PPS contends that the plaintiffs' claim for breach of contract is preempted under the doctrine of conflict preemption.[13] Conflict preemption requires that it be "physically impossible" to comply with both federal and state law, or that state law impede "the accomplishment and execution of the full purposes and objectives of Congress." Id. at 334 (citations omitted). Courts apply a presumption against the preemption of state police-power regulations affecting matters of health and safety. Medtronic, 116 S. Ct. at 2245.

In advancing its preemption argument, PPS relies solely on Lilani v. Noorali, 2011 WL 13667 (S.D. Tex. Jan. 3, 2011), an opinion of this court in which the defendant argued that the plaintiff's claim for breach of an employment contract was preempted by the FLSA. Id. at *7. The plaintiff alleged that her employer failed to pay "fair wages." Id. The court concluded that the plaintiff's claim, "to the extent it seeks unpaid minimum wages or overtime compensation, is preempted by the FLSA." Id. at *8.

---

[13]See Defendant's Motion, Docket Entry No. 10, pp. 3-4.

Here, the plaintiffs' amended complaint includes allegations that PPS both failed to pay overtime compensation as required under the FLSA and failed to adhere to the compensation arrangement that was orally promised.[14] PPS contends that while the plaintiffs' allegations may be couched in breach-of-contract terms, their requests for damages, which seek "compensation for all hours worked" and "overtime compensation for all unpaid hours worked in excess of 40," show that the claim actually arises under the FLSA.[15] The plaintiffs' breach-of-contract claim, however, liberally construed, alleges that PPS undercompensated the plaintiffs relative to the agreed payment structure, which is a claim separate and distinct from one brought under the FLSA for failure to pay adequate overtime compensation or failure to pay minimum wages. The plaintiffs' request for compensation "for all hours worked" can be construed to encompass both the breach-of-contract claim and the FLSA claim.

The court's reasoning in <u>Lilani</u> does not require a different result because there the court specifically cabined its holding that the plaintiff's breach-of-contract claim was preempted to the extent that the plaintiff sought unpaid minimum wages or overtime compensation. <u>Lilani</u>, 2011 WL 13667, at *8. Unlike the plaintiff in <u>Lilani</u>, who did not produce sufficient summary-judgment evidence

---

[14]Plaintiffs' Amended Complaint, Docket Entry No. 8, ¶¶ 17-19.

[15]<u>See</u> Defendant's Motion, Docket Entry No. 10, p. 4.

to show that her breach-of-contract claim fell outside the minimum-wage and overtime provisions of the FLSA, the plaintiffs in this action have alleged a breach-of-contract claim which, if liberally construed, does not conflict with the remedies afforded by the FLSA.

Accordingly, the court concludes that the plaintiffs' claim for breach of the oral agreement, to the extent it does not seek unpaid minimum wages or unpaid overtime compensation, is not preempted by the FLSA.

### III. Conclusion and Order

For the reasons explained above the court concludes that the plaintiffs have alleged sufficient facts to support a claim for breach of an oral agreement, but not to support a claim for violations of the Texas Labor Code. Accordingly, Defendant's Second Motion to Dismiss in Part and Brief in Support (Docket Entry No. 10) is **GRANTED in part and DENIED in part.**

**SIGNED** at Houston, Texas, on this 19th day of May, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE